UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| STEPHEN JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:11-cv-158 |
| | ) |
| C AND S, INC. d/b/a CIRCLE S FOOD MART, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. This is an action brought pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 et seq. Stephen Jones ("Jones") alleges that C and S, Inc. d/b/a Circle S Food Mart ("Defendant") violated his rights as protected by the ADA.

**PARTIES**

2. At all times relevant to this action, Jones resided within the Southern District of Indiana.

3. At all times relevant to this action, Defendant maintained offices and conducted business within the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331 and 42 U.S.C. §12117.

5. At all time relevant to this action, Jones was an "employee" within the meaning of 42 U.S.C. §12111(4).

6. Defendant is an "employer" within the meaning of 42 U.S.C. §12111(5)(A).

7. Jones is a "qualified individual with a disability" as defined by the ADA, 42 U.S.C. §§12102(2) and 12111(8).

8. Jones satisfied his obligation to exhaust his administrative remedies by timely filing a Charge of Discrimination (Charge No. 470-2011-02681) with the United States Equal Employment Opportunity Commission alleging discrimination based on disability. Jones received a Dismissal and Notice of Rights and timely brings this action within ninety (90) days of his receipt thereof.

9. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

10. Jones applied for a part time cashier position with Defendant on June 6, 2011.

11. Jones was qualified for the cashier position for which he applied.

12. Jones is a "qualified individual with a disability" as defined by the ADA.

13. Jones discussed his disability with Vicky Shoptaugh, Manager, at the time of his application. Ms. Shoptaugh informed Jones that she wanted to hire him but that she needed approval from "corporate" in order to do so.

14. Thereafter, Jones checked on the status of his application and Ms. Shoptaugh stated that "corporate" was asking a lot of questions about Jones' disability.

15. On June 24, 2011, Jones was informed by Ms. Shoptaugh that "corporate" told her she needed to look for someone else to hire and that Defendant was unwilling to hire him because of his disability.

16. Defendant hired a less-qualified, non-disabled individual instead of Jones for the

cashier position.

## VIOLATIONS OF THE ADA

17. Jones hereby incorporates paragraphs one (1) through sixteen (16) of his Complaint.

18. Defendant discriminated against Jones in violation of the ADA on the basis of his status as a "qualified individual with a disability" as defined by the ADA, 42 U.S.C. §§12102(2) and 12111(8).

19. Defendant failed to engage in the interactive process with respect to Jones and never offered any reasonable accommodation(s) to Jones in spite of his status as a "qualified individual with a disability" as defined by the ADA, 42 U.S.C. §§12102(2) and 12111(8).

20. Defendant's actions were intentional, willful, and/or undertaken in reckless disregard of Jones' rights as protected by the ADA.

21. Jones has suffered damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Stephen Jones, requests that this Court find in his favor and provide him with the following relief:

1. Order Defendant to instate Jones to the part time cashier position for which he applied on June 6, 2011, or pay to Jones front pay in lieu thereof;

2. Enjoin Defendant from further violations of the ADA with respect to Jones;

3. Order Defendant to pay to Jones lost wages and benefits;

4. Order Defendant to pay to Jones compensatory damages;

5. Order Defendant to pay to Jones punitive damages;

6. Order Defendant to pay Jones' attorneys' fees and costs;

7. Order Defendant to pay to Jones pre- and post-judgment interest on all sums recoverable; and

8. Order Defendant to provide to Jones any and all other legal and/or equitable relief that may be just and proper.

Respectfully submitted,

  s/ Andrew G. Jones
Andrew G. Jones (#23020-49)


  s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr. (#19353-49)

GIBBONS JONES, P.C.
Two Meridian Plaza
10401 North Meridian Street, Suite 130
Indianapolis, Indiana 46290
Telephone:   (317) 706-1100
Facsimile:   (317) 616-3337
E-Mail:       ajones@gibbonsjones.com
              pgibbons@gibbonsjones.com

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Stephen Jones, by counsel, and demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

s/ Andrew G. Jones
Andrew G. Jones (#23020-49)
Philip J. Gibbons, Jr. (#19353-49)
GIBBONS JONES, P.C.
Two Meridian Plaza
10401 North Meridian Street, Suite 130
Indianapolis, Indiana 46290
Telephone:   (317) 706-1100
Facsimile:   (317) 616-3337
E-Mail:      ajones@gibbonsjones.com
             pgibbons@gibbonsjones.com

Attorneys for Plaintiff